```
                IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF PUERTO RICO
```

IN RE:

MANUEL A DOMENECH RODRIGUEZ

CASE #10-05835(BKT)

CHAPTER 7

      Debtor
-----------------------------------*

OBJECTION TO CLAIM #1

TO THE HONORABLE COURT:

NOW COMES the above named debtor through the undersigned attorney and very respectfully prays and alleges as follows:

1. That creditor Ruth E. Rodriguez Borges filed a proof of claim #1 in the priority sum of $80,700.00 for alleged pre-petition child support arrears.

2. That debtor objects to such claim inasmuch as debtor contends that the only sum owed to June 2010 is $3,244.00.00 due to the fact that debtor retired in October 2002. Thereafter, debtor and debtor's minor dependant child, Anna Domenech Rodriguez, have been receiving social security benefits. Furthermore, debtor paid from 2002 to 2007 school tuition and fees totaling the sum of $6,290.00 for the benefit of the minor child dependant.

3. That creditor Ruth Rodriguez Borges and debtor agreed as of October 2002 that child support payments be paid partially by debtor, by Social Security and by payments made for school tuition and other fees for the benefit of debtor's minor dependant; the

1

latter were paid until 2007.

4. At present there exists pending child support revision Civil Suit #KDI2000-2183 in the Local Court at which the parties have presented their arguments with pertinent documentation and the Court has taken under advisement all matters; hence no Judgment has been entered to date.

5. That regarding said Civil Suit creditor Ruth Rodriguez Borges filed a Memorandum of Law on August 9, 2009 stating that if Social Security payments are accepted as payments made for child support the only sums owed for the period of December 2002 to August 2009 is $9,024.00, although debtor contends that the sum owed is less after deducting tuition fees and other school fees to wit $3,244.00. Attached is copy of Memorandum of Law; copy of letter issued by Academia San Jose dated September 1, 2009 certifying payments of tuition, school fees made for the benefit of Anna Domenech; and Certification issued by Social Security Administration stating the benefits paid to Anna Domenech Rodriguez for the years 2003 to 2009, and monthly benefits paid for the year 2010 in the sum of $849.00.

6. As per creditor's Memorandum of Law from December 2002 to August 2009 debtor paid direct child support payments in the sum of $90,000.00; from October 2002 to August 2009 Social Security paid the sum of $62,676.00; and the total child support pension for said period was $162,000.00 of which $152,676.00 was paid by debtor and Social Security.

7. Also, the sum of $6,290.00 was paid by debtor for

2

school tuition and fees which debtor presented evidence in pending Suit, thus the outstanding pre-petition arrears owed are $3,244.00; ($9,024.00 - $6,290.00).

**APPLICABLE LAW**

8. <u>11 U.S.C. §502(a)</u>

A proof of claim or interest is prima facie evidence of the claim or interest. Thus, it is allowed under subsection (a) unless a party in interest objects. The Rules and case law will determine who is a party in interest for purposes of objection to allowance. See <u>BANKRUPTCY CODE\CHAPTER 5 CREDITORS, THE DEBTOR, AND THE ESTATE\SUBCHAPTER I CREDITORS AND CLAIMS\11 U.S.C. §502</u>, <u>NORTON BANKRUPTCY LAW AND PRACTICE 3RD, WEST-THOMSON, 2010.</u>

9. <u>Payment of Child Support on Social Security Disability, www.illinoisfamilylawadvocate.com/2009/11/articles/child-support/payment-of-child-support-on-social-security-disability/ November 20, 2009 by Shahzad Khan-</u>
Either one or both parents can be required to pay the necessary and reasonable expenses of the minor child including reasonable and necessary expenses pertaining to the child's physical, mental and emotional health. This obligation to support the child continues until the child emancipates under Illinois law.

In addition, the non-custodial parent is not relieved of his obligation to pay future support just because he or she is on social security disability. The non-custodial parent will

3

continue to receive his monthly benefit as will each of his dependents through a dependent allotment that will be paid directly to the custodial parent and which will satisfy his or her obligation for child support. The rationale behind requiring a disabled person on Social Security Disability to pay child support is that the benefits that the disabled parent receives are a derivative of their employment over the course of years. Therefore, the amounts of benefits they receive are accumulated from income that they earned over the years of their work history. As such, this benefit that they are receiving is considered income for purposes of child support.

10. <u>Sullivan v. Everhart, 494 U. S. 83, 494 U. S. 91-92 (1990)</u>).
"the general reference work upon which respondents principally rely defines "child support" as "money paid for the care of one's minor child, esp[ecially] payments to a divorced spouse or a guardian under a decree of divorce." Random House Dictionary of English Usage 358 (2d ed.1987) (emphasis added).Respondents also seek to bolster their view "any child support payments received . . . with respect to the dependent child or children in any family applying for or receiving aid to families with dependent children (including support payments collected and paid to the family under section 657(b) title II.
<u>42 U.S.C. § 602(a)(8)(A)(vi) (1982 ed. Supp. V)</u>-

4

The word "any" generally means all forms or types of the thing mentioned. When coupled with the parenthetical phrase "including . . . ," it indicates that "support payments collected and paid" by the State constitute one type within the larger universe of "child support payments."

11. <u>Stroop v. Bowen, 870 F.2d 969, 974-975 (CA4 1989) -</u> The overwhelming majority of state courts that have passed on the question have concluded that a parent's court-ordered child support obligations may be fulfilled by Title II payments, recognizing the functional equivalence of the two types of payments.

12. <u>K Mart Corp. v. Cartier, Inc., 486 U. S. 281</u> (1988) As an initial matter, the common usage of "child support" refers to legally compulsory payments made by parents. Black's Law Dictionary defines "child support" as "[t]he legal obligation of parents to contribute to the economic maintenance, including education, of their children; enforceable in both civil and criminal contexts. <u>Black's Law Dictionary 217 (5th ed.1979)-</u> . Attorneys who have practiced in the area of domestic relations law will immediately recognize this definition. Respondents insist, however, that we have traditionally "turned to authorities of general reference, not to legal dictionaries, to [give] ordinary meaning to ordinary words.'".

13. <u>Califano v. Boles, 443 U. S. 282, 443 U. S. 283 (1979).</u> Title II is a program of mandatory wage deductions, designed to ensure that a worker's dependents will have some income, should

5

the worker retire, die, or become disabled.

(Title II "attempts to obviate, through a program of forced savings, the economic dislocations that may otherwise accompany old age, disability, or the death of a breadwinner"). Thus, the worker is legally compelled to set aside a portion of his wages in order to earn benefits used to support his dependent children in the event he becomes unable to do so himself. A child is entitled to Title II payments only if he or she lived with, or received financial support from, the insured worker -- that is, only if the relationship between the child and the insured worker would (or did) give rise to a legally enforceable support obligation. Although Title II payments are made by a Governmental agency, not directly by the parent, their ultimate source is the parent's earnings. Moreover, not all court-ordered support payments are made by the parent; under a mandatory wage assignment order, child support is deducted automatically from the absent parent's wages (just as Title II deductions are). See 42 U.S.C. § 666(b) (1982 ed. Supp. V). The sole and express purpose of Title II childrens' benefits is to support dependent children. <u>Jimenez v. Weinberger, 417 U. S. 628</u>(1974).

    14.   <u>Mathews v. Lucas, 427 U. S. 495(1976)</u>

"the primary purpose of the . . . Social Security scheme is to provide support for dependents of a disabled wage earner". "the Secretary explains the design of the statutory scheme . . . as a program to provide for all children of deceased [or disabled]

insured who can demonstrate their need' in terms of dependency"); see also Mathews v. De Castro, 429 U. S. 181 (1976). It is unlawful to use Title II payments for any other purpose.

WHEREFORE, it is respectfully requested that this Honorable Court allow claim #1 in the priority sum $3,244.00 and disallow the sum of $77,456.00 for the reasons herein stated.

In San Juan, Puerto Rico this August 12, 2010.

I CERTIFY that on this date I sent by electronic mail a true copy of this motion to Trustee Wigberto Lugo Mender, Esq., to attorney for creditor Ruth Rodriguez Borges, Luis A. Melendez Albizu, Esq., and by regular mail to creditor Ruth Rodriguez Borges, P.O. Box 270059, San Juan, PR 00927 and to parties in interest.

## 20 DAY NOTICE

TO ALL PARTIES in interest: You are hereby granted 20 days from the date of this notice to oppose the motion and request a hearing in writing, if no opposition is filed the Court may grant this motion without the need for a hearing.

/s/EMILY D DAVILA
USDC-PR #214503
WILLIAM DAVILA DE PEDRO
USDC-PR #128809
420 PONCE DE LEON
MIDTOWN BLDG. SUITE 311
SAN JUAN, P.R. 00918
TEL. 787, 759-8090, FAX 759-9620
princessda@prtc.net

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| RUTH E. RODRÍGUEZ BORGES<br><br>   Demandante<br><br>vs.<br><br>MANUEL A. DOMENECH RODRÍGUEZ<br><br>   Demandado | CIVIL NUM.: KDI 2000-2183 (701)<br><br>SOBRE:<br><br>DIVORCIO<br><br>(Trato Cruel) |

## MEMORANDO DE DERECHO SOBRE INAPLICABILIDAD DE LOS BENEFICIOS DEL SEGURO SOCIAL COMO SUPUESTOS PAGOS DE PENSIÓN ALIMENTARIA

AL HONORABLE TRIBUNAL:

Comparece la demandante Ruth E. Rodríguez Borges, por conducto de su abogado que suscribe, y muy respetuosamente expresa y solicita:

1. La parte demandante ha radicado una Moción de Desacato, en donde solicita que el demandado pague todas las cantidades adeudadas al presente por concepto de pensión alimentaria, ya que se han acumulado desde enero del 2003, y que al presente suman la cantidad de **$71,700.00**. Los hechos son los siguientes.

2. Mientras estuvieron casados, las partes de epígrafe procrearon a su hija Ana Gabriela Domenech Rodríguez, la cual nació el 15 de julio de 1993. Actualmente está a punto de cumplir dieciséis (16) años.

3. La parte se divorciaron mediante Sentencia dictada **el 21 de diciembre de 2000.** Según dicha Sentencia, el demandado Manuel A. Domenech Rodríguez venía obligado a pagar una pensión alimentaria por su hija de $1,500.00 mensuales, la cual aumentaría a $2,000.00 una vez se vendiera una de las propiedades conyugales, lo que ocurrió **el 25 de noviembre de 2002** cuando las partes suscribieron la Escritura Núm. 303 de *Liquidación de Gananciales, Adjudicación y Modificación de Hipoteca* ante el Notario público Luis A. Arrufat Pimentel.

4. Lo anterior significa que el demandado debía pagar en pensión alimentaria $1,500.00 al mes entre diciembre del 2000 a noviembre del 2002, y posteriormente debía pagar $2,000.00 al mes desde diciembre de 2002 hasta el presente.

5. Sin embargo, el demandado nunca pagó la cantidad de $2,000.00 mensuales que debía pagar desde diciembre de 2002 hasta el presente.

6. Por el contrario, desde diciembre de 2002 a febrero de 2003, el demandado sólo pagó $1,500.00 al mes de pensión, en vez de los $2,000.00 que venía obligado a pagar. Luego desde marzo de 2003 al presente el demandado sólo ha pagado $1,100.00 al mes, en vez de los $2,000.00 que venía obligado a pagar.

7. Al presente (agosto 2009) la parte demandada adeuda la siguientes cantidades:

| Periodo Relevante | Cantidad en Pensión Alimentaria a Ser Pagada durante Periodo Relevante | Cantidad Pagada | Cantidad Adeudada y No Pagada |
|---|---|---|---|
| Dic/2002 - Feb/2003 (3 meses) | $6,000.00 ($2,000.00 al mes x 3 meses) | $4,500.00 ($1,500.00 al mes x 3 meses) | $1,500.00 |
| Marzo/2003 - Agosto/2009 (78 meses) | $156,000.00 ($2,000.00 al mes x 78 meses) | $85,800.00 ($1,100.00 al mes x 78 meses) | $70,200.00 |
| TOTAL | | | $71,700.00 |

7. Por la presente se solicita que se encuentre a la parte demandada incursa en desacato al no pagar la cantidad adeudada de **$71,700.00** en pensión alimentaria.

8. Ahora bien, entre octubre del 2002 al presente (agosto del 2009), la menor alimentante ha estado recibiendo beneficios del Seguro Social como sigue:

| Periodo Relevante | Beneficio Mensual del Seguro Social | Cantidad Recibida en Seguro Social durante el Periodo Relevante |
|---|---|---|
| Oct./2002 - Dic. 2003 (15 meses) | $696.00 mensuales | $10,440.00 |
| Enero/2004 - Dic./2004 (12 meses) | $710.00 mensuales | $8,520.00 |
| Enero/2005 - Dic./2005 (12 meses) | $730.00 mensuales | $8,760.00 |
| Enero/2006 - Dic./2006 (12 meses) | $759.00 mensuales | $9,108.00 |
| Enero/2007 - Dic./2007 (12 meses) | $785.00 mensuales | $9,420.00 |
| Enero/2008 - Dic./2008 (12 meses) | $803.00 mensuales | $9,636.00 |
| Enero/2009 - Agosto./2009 (8 meses) | $849.00 mensuales | $6,792.00 |
| TOTAL | | $62,676.00 |

9. En el caso de autos, el demandado debe **$71,700.00** en pensión alimentaria, porque él incorrectamente descontó los beneficios del seguro social que su hija recibía de su obligación de pensión alimentaria[1].

10. Ahora bien, esto fue un error.

11. En primer lugar, no procede considerar los beneficios del seguro social. Ya nuestro Honorable Tribunal Supremo determinó en *Otero Fernandez v. Alguacil*, 116 D.P.R. 733 (1985) que un padre alimentista no puede descontar de su obligación de pensión alimentaria regalías y otras aportaciones hechas al menor, a menos que ello no conste así primero en una resolución debidamente adjudicada por el Tribunal. A tales efectos, en *Otero Fernandez*, nuestro Más Alto foro dispuso que:

> "El demandado licenciado Otero Fernández, por ser un abogado de vasta experiencia, tenía que ser consciente de que tenía el deber de satisfacer la pensión alimenticia en la cantidad y forma dispuesta por el tribunal, sin descuentos hechos a su voluntad. **Solo al mediar acuerdo previo y la autorización del tribunal podía descontar del monto de la pensión alimenticia aquellas cantidades de dinero que alegaba gasto en beneficio de sus hijos menores**. *Guadalupe Viera v. Morell, supra*. Aun ""[u]na estipulación de las partes sobre los alimentos de los hijos menores, no obliga al tribunal". *Fernández v. Davison*, 80 D.P.R. 253, 257 (1958). La modificación en la cuantía y forma de pago podía lograrla solo mediante orden del tribunal previa solicitud al efecto."

12. Aplicando *Otero Fernandez* al caso de autos, es evidente que los beneficios de seguro social percibidos por la menor no podían ser considerados pagos de pensión alimentaria, a menor el Honorable Tribunal así lo adjudicara previamente.

13. En segundo lugar, la propia ley federal dispone que los pagos del beneficio de seguro social no pueden ser considerados como pagos de pensión alimentaria. A tales efectos, varios tribunales federales ha interpretado la Sección 402 de la Ley de Seguro Social Federal (42 U.S.C. § 402 (la cual dispone para el pago de beneficios a hijos de pensionados) para establecer que los beneficios de seguro social a dependientes no son equivalentes a pagos de pensión alimentaria. **Sullivan v. Stroop**, 496 U.S. 478 (1990); **Todd v. Norman**, 840 F.2d 608 (8vo Cir. 1988).

---

[1] En el mejor de los casos para el demandado, aún si los beneficios del seguro social recibidos por la menor se pudieran considerar pagos de pensión alimentaria (lo que negamos), aún así el demandado adeudaría **$9,024.00** en pensión, hasta agosto de 2009, por razón de la diferencia que la menor dejó de recibir aún luego de asumir los beneficios del seguro social ($71,700 - $62,676.00).

14. Por lo tanto, los beneficios del seguro social recibidos por la niña hija del demandado no pueden ser considerados como pagos a su obligación de pensión alimentaria como cuestión de derecho.

**POR TODO LO CUAL**, solicitamos respetuosamente que el Honorable Tribunal tome conocimiento de lo anterior, y adjudique que los beneficios de seguro social recibidos por la menor alimentista hija de las partes no pueden ser considerados como pagos de la obligación de pensión alimentaria del demandado.

RESPETUOSAMENTE SOMETIDO.

CERTIFICO: Haber notificado copia fiel y exacta de la presente a la mano a la: **Lcda. Olga E. Birriel Cardona**, Gran Boulevard Los Paseos, Suite 112, PMB 366, San Juan, P.R. 00926; **Lcda. Liliana Kortright Soler**, 779 Ave. San Patricio (Altos), San Juan, P.R. 00921.

En San Juan, Puerto Rico, hoy 19 de agosto de 2009.

LUIS A. MELENDEZ-ALBIZU
Abogado de la Parte Demandante
Ruth Rodríguez
#117 Ave. De Diego
Urb. San Francisco
Río Piedras, PR 00927-6310
Tel. (787) 758-1549;
Fax (787) 751-1052
E-mail: lam@prtc.net

LIC. LUIS A. MELENDEZ-ALBIZU
Colegiado Número: 10440

 

# Administración del Seguro Social
## Seguro de Jubilación, Sobrevivientes e Incapacidad

SOCIAL SECURITY
1579 AVE PONCE DE LEON
4 PISO FONDO SEG ESTAD
SAN JUAN, PR 00926-2715
Número de Solicitud: ███████-3000A
Fecha: agosto 06, 2010
CRD

MANUEL A DOMENECH
COND EL PARAISO
1560 CALLE PARANA
APT 14D
SAN JUAN, PR 00926-2963

Estimado(a) MANUEL A DOMENECH

Usted nos solicitó información de su expediente. La información que nos solicitó la consigue mas adelante. Si usted desea que alguna otra persona tenga la misma, puede enviarle esta carta.

Nuestros archivos muestran los siguientes beneficios por año recibidos por su hija Anna G. Domenech Rodriguez, cuya fecha de elegibilidad para beneficios fue octubre de 2002:

2003 - $9,724.00

2004 - $8,520.00

2005 - $8,760.00

2006 - $9,108.00

2007 - $9,420.00

2008 - $9,636.00

2009 - $10,188.00

Para el 2010 no hubo aumento por el costo de vida por esta razón los beneficios mensuales que recibe su hija Anna G. Domenech Rodriguez el 2010 se mantienen en $849.00 al mes.

See Next Page

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A                                                                 Page 2 of 2

**Si usted tiene alguna pregunta**

Para obtener información general sobre Seguro Social, le invitamos a visitar nuestra página en el Internet a www.segurosocial.gov. Para hacer preguntas generales o específicas sobre el caso de usted, puede llamarnos gratis al 1-800-772-1213 o su oficina local del Seguro Social al 787-281-4948 y pregunte por Señor HERTON A SEDA. Podemos contestar la mayoría de sus preguntas por teléfono. Si usted tiene algún impedimento auditivo, puede llamar a nuestro número 1-800-325-0778. Si usted llama o visita nuestra oficina, por favor tener con usted esta carta, la cual nos ayudará a contestar sus preguntas.

*L. Delgado*
L. Delgado
Gerente Distrito San Juan

Academia San José
ZM-215 Villa Caparra
Guaynabo, PR 00966
Tel. 787-792-7489

1 de septiembre de 2009

A           : Sr. Manuel Domenech

De          : Srta. Carmen Lojo

Asunto      : Pago de matrícula

La Academia recibió el pago de matrícula de su hija, Anna Domenech los siguientes años:

| | | **Matrícula:** | **P.T.A** | **"School Fees"** | **Cuota 8ᵛᵒ** |
|---|---|---|---|---|---|
| 3ᵉʳ grado | 2001-02 | $ 675.00 | $ 25.00 | $ 100.00 | |
| 4ᵗᵒ grado | 2002-03 | $ 720.00 | $35.00 | $ 100.00 | |
| 5ᵗᵒ grado | 2003-04 | $ 720.00 _510_ | $35.00 | $ 100.00 | |
| 6ᵗᵒ grado | 2004-05 | $ 800.00 _+ 515_ | $35.00 | $ 130.00 | |
| 7ᵐᵒ grado | 2005-06 | $1,110.00 _+ 200_ | $50.00 | $ 135.00 | |
| 8ᵛᵒ grado | 2006-07 | $1,140.00 _+ 37... fees_ | $50.00 | $ 135.00 | $195.00 |

_6,290_

```
DOMENECH RODRIGUEZ MANUEL ANTONIO
COND EL PARAISO APT 14D
1560 PARANA ST
SAN JUAN  PR


WILLIAM DAVILA DE PEDRO
420 PONCE DE LEON
MIDTOWN SUITE 311
SAN JUAN PR   00918


BANCO POPULAR DE PR
BANKRUPTCY DIVISION
PO BOX 366818
SAN JUAN PR   00936
```