IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | BKRTCY. CASE NO. 10-05835 (BKT) |
| MANUEL ANTONIO DOMENECH RODRÍGUEZ aka MANUEL ANTONIO DOMENECH | CHAPTER 7 |
| Debtor | |

# RESPONSE IN OPPOSITION TO OBJECTION TO CLAIM #1

TO THE HONORABLE COURT:

Creditor Ruth E. Rodríguez Borges ("Creditor" or "Mrs. Rodríguez Borges") on behalf of her minor daughter A.G.D.R., through her undersigned counsel, and respectfully states, alleges and prays:

## I. RELIEF SOUGHT.

Creditor Mrs. Rodríguez Borges hereby request that the Court **DENY** Debtor's *Objection* to Claim No. 1 (**Dkt. #20**) filed on August 12, 2010.

## II RELEVANT PROCEEDINGS

On July 27, 2010, Creditor Ruth E. Rodríguez Borges filed her *Proof of Claim* in Defendant's bankruptcy case, Claim No. 1 in the Claims Registry, in which she claimed $80,700.00 in pre-petition domestic support obligation, which is entitled to priority under 11 U.S.C. § 507(a)(1).

On August 12, 2010, Debtor file his *Objection* (**Dkt. #20**) to Mrs. Rodríguez' claim for claimed $80,700.00 in pre-petition domestic support obligation. In addition, Defendant Debtor Mr. Domenech also filed an *Amended Schedule E* (**Dkt. #21**) in which he disputed Mrs. Rodríguez' claim, asserted (incorrectly) that the claim was only for $9,024.00, and then stated that he accepted $3,244.00 of his

pre-petition arrears in his child support obligation. In other words, Defendant Debtor Mr. Domenech is factually and legally disputing both the nature and the amount of the claim asserted by Plaintiff.

On August 19, 2010, Creditor Ruth E. Rodríguez Borges filed her Adversary Case against Debtor, *Ruth E. Rodriguez Borges v. Manuel Domenech Rodríguez, et als.*, Adv. No. 10-144 (BKT), related to Mrs. Rodríguez Borges' claim in bankruptcy. In it, Creditor Ruth E. Rodríguez Borges requests three things related to Plaintiffs' claim in Defendant/Debtor Manuel A. Domenech Rodríguez bankruptcy:

• First, that the Court declare and find that Defendant/Debtor Manuel A. Domenech Rodríguez and his bankruptcy estate owes Plaintiff and their daughter A.G.D.R $80,700.00 in pre-petition child support;

• Second, that the Court declare and find that said debt is a "domestic support obligation" as defined in 11 U.S.C. § 101(14A), that said pre-petition domestic support obligation is entitled to priority under 11 U.S.C. § 507(a)(1), and that it is exempted from discharge as per 11 U.S.C. § 523(5) & (15); and

• Third, that the Court enforce collection of said pre-petition, prioritized and discharge-exempted domestic support obligation.

To be sure, Plaintiff is **not** requesting that this Honorable Court set or establish Mr. Domenech Rodríguez' child support obligation towards his daughter. That was already set by the State Court in the Divorce Judgment issued on December 21, 2000, in the case <u>Ruth Rodríguez Borges v. Manuel A. Domenech Rodríguez</u>, Civil No. KDI 2000-2183 (701).

Plaintiff is also **not** requesting an update, increase or decrease of Mr. Domenech Rodríguez' current child support obligation towards his daughter. The State Court is currently in the process of

2

adjudicating simultaneous petitions for decrease and increase of Mr. Domenech Rodríguez' current child support obligation towards his daughter.

Plaintiff is also **not** requesting any remedy of any kind that may involve or require the participation of the Commonwealth's Child Support's Administration ("ASUME" in Spanish) or any other State agency.

Plaintiff is merely seeking the determination of a pre-petition claim in Defendant/Debtor's bankruptcy estate, its declaration as a prioritized and discharge-exempted claim under the Bankruptcy Code, and its enforcement and collection under the bankruptcy laws.

Creditor Ruth E. Rodríguez Borges hereby request that the Court **DENY** Debtor's *Objection* to Claim No. 1 (**Dkt. #20**) filed on August 12, 2010.

### III. DISCUSSION.

In his Objection, Debtor does not deny that it currently owes a child support arrearage. Instead, Debtor only object top the claimed amount of $80,700.00. Debtor asserts two arguments for requesting the reduction of the owed child support arrearage from $80,700.00 to just $3,244.00. We address each separately herein.

    A.    **Debtor's payment of School Tuition and Fees from 2002-2007**.

Debtor first claims that he is entitled to a credit of $6,290.00 since he donated that amount to his daughter in the form of payment of school tuition and fees.

Whether Debtor may be entitled to a credit for so-called "donations" made outside the regular child support obligation ordered in the Divorce Judgment issued on December 21, 2000, in the case Ruth Rodríguez Borges v. Manuel A. Domenech Rodríguez, Civil No. KDI 2000-2183 (701) is a matter of Puerto Rico state law.

Puerto Rico state law clearly provides that a child support obligor such as Debtor is **not** entitled to a credit for donations made to his child. In *Otero Fernandez v. Alguacil*, 116 D.P.R. 733 (1985) the Puerto Rico Supreme Court was faced with exactly the same issue as claimed by Debtor. A child support obligor was requesting a credit on his child support arrearage for irregular payments and donations made to his children. The P.R. Supreme Court denied this request, holding instead that any payments and amounts given to the children outside the regular child support obligation ordered by the state court are **not** to be credited to the child support arrearage. The P.R. Supreme Court specifically stated as follows in *Otero Fernandez* (in Spanish):

> "El demandado licenciado Otero Fernández, por ser un abogado de vasta experiencia, tenia que ser consciente de que tenia el deber de satisfacer la pensión alimenticia en la cantidad y forma dispuesta por el tribunal, sin descuentos hechos a su voluntad. **Solo al mediar acuerdo previo y la autorización del tribunal podía descontar del monto de la pensión alimenticia aquellas cantidades de dinero que alegaba gasto en beneficio de sus hijos menores**. *Guadalupe Viera v. Morell, supra*. Aun ""[u]na estipulación de las partes sobre los alimentos de los hijos menores, no obliga al tribunal". *Fernández v. Davison*, 80 D.P.R. 253, 257 (1958 ). La modificación en la cuantía y forma de pago podía lograrla solo mediante orden del tribunal previa solicitud al efecto."

The Divorce Judgment issued on December 21, 2000, in the case <u>Ruth Rodríguez Borges v. Manuel A. Domenech Rodríguez</u>, Civil No. KDI 2000-2183 (701) (copy of which is attached to Creditor's Proof of Claim) did not provide for payment of school tuition and fees by Mr. Domenech. Instead, he was supposed to pay Mrs. Rodriguez Borges directly a monthly child support payment in cash of $2,000.00 per month, which he never fully paid. As per *Otero Fernandez* any other amount given to his daughter outside the ordered child support payment, –such as the direct payment of school tuition and fees–, may not be credited to the overall child support obligation

It follows that this objection to Creditor's claim must be denied.

4

**B.**     **A.G.D.R.'s Reception of Section 402 Social Security Benefits**.

Debtor further claims that he is entitled to a credit of $71,166.00[1] in his child support arrearage, since his daughter A.G.D.R. was a recipient of Section 402 Social Security Benefits for said amount from 2002 until June 2010.

The issue whether Section 402 Social Security Benefits may be regarded as child support payments is a question of federal law, since Social Security benefits are federal payments.

The U.S. Supreme Court has already answered this question. It is well settled that Section 402 Social Security Benefits, 42 U.S.C. § 402 , may not be deemed payments of "child support". Instead, they are entitlement benefits paid out of the public treasury that may not substitute actual child support payments. *See Sullivan v. Stroop*, 496 U.S. 478 (1990) (where the Supreme Court held that "though Title II child's insurance benefits might be characterized as "support" in the generic sense, that **are not** the sort of child support payments from absent parents envisioned in the Title IV scheme. The title II payments are explicitly characterized in § 402(d) as "insurance" benefits and are paid out of the public treasury to all applicants meeting the statutory criteria.") (Emphasis supplied). *See also Todd v. Norman*, 840 F.2d 608 (8th Cir. 1988) (holding that Child's Insurance Benefits paid to the dependent child or children of a non-custodial parent entitled to disability insurance benefits under the Social Security Act, 42 U.S.C. § 402(d), may not be regarded as "child support payments").

It follows that any payments received by A.G.D.R. in Child's Insurance Benefits paid to her as a dependent child of Debtor may not be credited as payments of Debtor's child support obligation.

---

[1] In the best of cases, there is a question of fact as to the exact amount of Social Security benefits received by A.G.D.R. during the relevant time period. Creditor submits that her daughter received less than claimed by Debtor.

**WHEREFORE**, it is respectfully requested that this Honorable Bankruptcy Court **DENY** Debtor's *Objection* to Claim No. 1 (**Dkt. #20**) filed on August 12, 2010.

IT IS HEREBY CERTIFIED: That digital copy of the present motion was notified electronically through the CM/ECF System to: **William Dávila De Pedro, esq.** at treasure@prtc.net; **Monsita Lecaroz Arribas, esq.** at ustpregion21.hr.ecf@usdoj.gov; and **Wigberto Lugo Mender, esq.** at trustee@lugomender.com and wlugo@ecf.epiqsystems.com; and to other parties in interest and creditors by regular mail as per master address list.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on October 12, 2010.

                                    LAW OFFICES OF LUIS A. MELÉNDEZ-ALBIZU
                                    Counsel for Creditor Ruth E. Rodríguez Borges
                                    #117 De Diego Ave.,
                                    Urb. San Francisco,
                                    San Juan, P.R. 00927-6310
                                    Tel. (787) 758-1549;
                                    Fax. (787) 751-1052
                                    E-mail: lam@prtc.net
                                    CM/ECF E-Mail: lamelendez@prtc.net
                                    CM/ECF E-Mail: MelendezAlbizuLaw@gmail.com

                                    */s/Luis A. Meléndez-Albizu, Esq.*
                                    US Dist. Ct of P.R. Bar No. 205703