## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | BKRTCY. CASE NO. 10-05835 (BKT) |
| MANUEL ANTONIO DOMENECH RODRÍGUEZ aka MANUEL ANTONIO DOMENECH | CHAPTER 7 |
| Debtor | |

## SUPPLEMENTAL MOTION TO OPPOSITION TO
## DEBTOR'S OBJECTION TO CLAIM NO. 1

TO THE HONORABLE COURT:

Creditor Ruth E. Rodríguez Borges ("Creditor" or "Mrs. Rodríguez Borges") on behalf of her minor daughter A.G.D.R., through her undersigned counsel, and respectfully states, alleges and prays:

### I. INTRODUCTION.

On July 27, 2010, Creditor Ruth E. Rodríguez Borges filed her *Proof of Claim* in Defendant's bankruptcy case, Claim No. 1 in the Claims Registry, in which she claimed $80,700.00 in pre-petition domestic support obligation, which is entitled to priority under 11 U.S.C. § 507(a)(1).

On August 12, 2010, Debtor Manuel Domenech Rodríguez filed his *Objection* (**Dkt. #20**) to Mrs. Rodríguez' claim for claimed $80,700.00 in pre-petition domestic support obligation. In addition, Defendant Debtor Mr. Domenech also filed an *Amended Schedule E* (**Dkt. #21**) in which he disputed Mrs. Rodríguez' claim, asserted (incorrectly) that the claim was only for $9,024.00, and then stated that he accepted $3,244.00 of his pre-petition arrears in his child support obligation. In other words, Defendant Debtor Mr. Domenech is factually and legally disputing both the nature and the amount of the claim asserted by Plaintiff.

On October 12, 2010, Creditor Ruth E. Rodríguez Borges filed her *Opposition to Debtor's Objection to Claim #1* (**Dkt. #52**).

Creditor Ruth E. Rodríguez Borges hereby supplements her *Opposition to Debtor's Objection to Claim #1* (**Dkt. #52**) in order to argue additionally that Debtor Manual A. Domenech Rodríguez, by himself, has no standing, and that the only person with standing to object the Creditor's claim is the Chapter 7 Trustee Wigberto Lugo Mender.

## II. DISCUSSION.

We submit that Debtor Mr. Domenech has **no** standing to object, on his own, to the Creditor's claim.

The filing of a voluntary petition under any chapter of the Bankruptcy Code constitutes an order for relief and results in the creation of a debtor's bankruptcy estate, consisting of all legal and equitable interests of the debtor, in property as of the commencement of the case, See 11 U.S.C. §§ 301, 541(a) (2006). Additionally, at the commencement of a Chapter 7 case, a Chapter 7 trustee possessing various statutory duties and powers is appointed to administer the bankruptcy estate. See 11 U.S.C. §§ 323(a), 701, 702(d), 704 (2006).

One of the primary duties of the Chapter 7 trustee is to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest[.]" 11 U.S.C. 704(a)(1). As such, the Chapter 7 trustee "holds the exclusive right to assert a debtor's claim." *Stevenson v. J.C. Bradford & Co. (In re Cannon)*, 277 F.3d 838, 853 (6th Cir. 2002) ("The trustee stands in the shoes of the debtor and has standing to bring any action that the bankrupt could have brought had he not filed a petition for bankruptcy."). Correspondingly, when a Chapter 7 trustee succeeds to a debtor's pre-petition causes of action, the

debtor no longer has standing to pursue them because they are property of the debtor's bankruptcy estate. *Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126 (8th Cir. 1998).

In short, as stated in *EconoLube N' Tune, Inc. v. Frausto (In re Frausto)*, 259 B.R. 201, 211 (Bankr. N.D. Ala. 2000):

> "Chapter 7 is the bankruptcy vehicle for collecting, liquidating and distributing a debtor's assets. At filing, the Chapter 7 trustee is placed in charge of the debtor's interests in property and is provided the tools for collecting, liquidating, and distributing those interests. Chapter 7 does not contemplate that a debtor will retain any property interests, except those exempt and (with limited exceptions) those acquired after the filing of the bankruptcy petition."

Based on the above, the First Circuit Court as well as the BAP for the First Circuit have ruled that "Chapter 7 debtors ordinarily lack standing to challenge orders affecting the assets of the estate." *Kehoe v. Schindler (In re Kehoe)*, 221 B.R. 285, 288 (1ST Cir. BAP 1998) (quoting *In re El San Juan Hotel*, 809 F.2d 151, 154-55 (1st Cir. 1987) (internal quotations omitted). *Accord Norway Nat'l Bank v. Goodwin's Discount Furniture, Inc. (In re Goodwin's Discount Furniture, Inc.)*, 16 B.R. 885, 887 (B.A.P. 1st Cir. 1982) (collecting cases); *Troy Plastics v. North Hills II, L.P.*, 129 B.R. 473, 475 (E.D. Mich. 1991). This is so because under the Code their legal and equitable property interests pass to the bankruptcy estate and all pre-petition creditors' claims become estate liabilities. See § 541(a)(commencement of case "creates an estate"); § 502 (allowance of claims); *In re El San Juan Hotel*, 809 F.2d at 154 & n.5 (debtor normally has no interest in the distribution of estate's property); *In re Goodwin's Discount Furniture*, Inc., 16 B.R. at 887 (same).

Chapter 7 Trustee Wigberto Lugo Mender has not objected to Creditor Ruth E. Rodríguez Borges' Claim No. 1. It follows that Debtor Domenech has no standing, by himself and without the Chapter 7 Trustee's concurrence, to object to this claim. *See e.g., Greene v. Wilson-Greene (In re*

3

*Greene)*, 1999 Bankr. LEXIS 201 (Bankr. E.D. Pa. 1999) (holding that only Chapter 7 Trustee had standing to contest dischargeability of child support claim). *See also, In re I & F Corp.*, 219 B.R. 483, 485 (Bankr. S.D. Ohio 1998) (holding that standing resided statutorily with the trustee as the appointed estate representative to ensure expeditious, cost effective case disposition); *In re Woods*, 139 B.R. 876, 877 (Bankr. E.D. Tenn. 1992) (stating that, absent surplus, debtor standing to object is a threat to judicial economy because it would "permit [the debtor] to usurp the trustee's authority and … require the court to rule on objections where the allowance or disallowance of the claim is meaningless to the administration of the estate").

Mr. Domenech would have standing only if he was a solvent debtor. *See e.g., Willemain v. Kivitz*, 764 F.2d 1019, 1022 (4th Cir. 1985) (holding that only solvent debtors had standing in bankruptcy court); *United States v. Jones*, 260 B.R. at 418 (holding that a debtor with no hope of a surplus from the estate had no standing to object). But he is not. That is precisely the reason why he filed a Chapter 7 liquidation proceeding. It follows that he has no standing, by himself, to object to the Creditor's claim.

**WHEREFORE**, it is respectfully requested that this Honorable Bankruptcy Court **FIND** that Debtor Manuel Domenech Rodríguez has no standing, by himself and without the Chapter 7 Trustee, to object to Creditor Ruth E. Rodríguez Borges' Claim No. 1, and accordingly, must **DENY** Debtor Domenech Rodríguez' *Objection* (**Dkt. #20**) filed on August 12, 2010, for lack of standing.

IT IS HEREBY CERTIFIED: That digital copy of the present motion was notified electronically through the CM/ECF System to: **William Dávila De Pedro, esq.** at treasure@prtc.net; **Monsita Lecaroz Arribas, esq.** at ustpregion21.hr.ecf@usdoj.gov; and **Wigberto Lugo Mender, esq.** at

4

trustee@lugomender.com and wlugo@ecf.epiqsystems.com; and to other parties in interest and creditors by regular mail as per master address list.

    RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on October 13, 2010.

    LAW OFFICES OF LUIS A. MELÉNDEZ-ALBIZU
    Counsel for Creditor Ruth E. Rodríguez Borges
    #117 De Diego Ave.,
    Urb. San Francisco,
    San Juan, P.R. 00927-6310
    Tel. (787) 758-1549;
    Fax. (787) 751-1052
    E-mail: lam@prtc.net
    CM/ECF E-Mail: lamelendez@prtc.net

    */s/Luis A. Meléndez-Albizu, Esq.*
    US Dist. Ct of P.R. Bar No. 205703