**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **MANUEL ANTONIO DOMENECH RODRIGUEZ** | **CASE NO. 10-05835 BKT** |
| | **CHAPTER 7** |
| Debtor(s) | **ADVERSARY NO. 10-00144** |
| **RUTH E RODRIGUEZ BORGES** | |
| Plaintiff | |
| **MANUEL ANTONIO DOMENECH RODRIGUEZ** | **FILED & ENTERED ON 03/29/2011** |
| **WIGBERTO LUGO MENDER ,TRUSTEE** | |
| Defendant(s) | |

## OPINION AND ORDER

This proceeding is before the Court upon the Trustee's Motion requesting entry of order for dismissal [Dkt No. 25], the Trustee's Motion requesting entry of order for Amended dismissal of Adversary Procedure [Dkt No. 26], and the Plaintiff's Opposition to Trustee's Motion to Dismiss and Amended Motion to Dismiss [Dkt. No. 34]. For the reasons set forth below, this Court grants the Trustee's Motion to Dismiss.

## I. DISCUSSION

Ruth E. Rodriguez Borges ("Plaintiff") filed the captioned adversary proceeding to seek declaratory judgment as to the dischargeability of the amounts owed by Manuel Antonio Domenech Rodriguez ("Debtor"). In the complaint, the Plaintiff alleges that the Debtor owes domestic support obligations ("DSO") that accrued to $80,700 in past-due child support payments. On August 25, 2010, the Debtor responded to Plaintiff's complaint with a request for dismissal and abstention for cause, because the controversy over the amounts allegedly owed as domestic support obligations were submitted for resolution in the Courts of the Commonwealth of Puerto Rico, Case Number

KDI2000-2183. While the Plaintiff requested several extensions of time to oppose Debtor's dismissal request, the Court scheduled a Pre-Trial Scheduling Conference for November 17, 2010. Prior to the hearing, Plaintiff complied with filing her response and Debtor's representative resigned to allow the Chapter 7 Trustee to continue the litigation on behalf of the Chapter 7 estate. At the hearing, the parties proffered among other things, that they would inform the Court about the State Court's determination of the DSO amounts owed pre-petition. That same evening, Debtor's withdrawn counsel filed the resolution made by the State Court on October 8, 2010, which restructured Debtor's payments and eliminated Debtor's prepetition DSO arrears. [Dkt. No. 22]. In light of this, the Trustee reiterated its request for dismissal but Plaintiff requested additional time to oppose. In her opposition, Plaintiff argues that the adversary should proceed in order to classify Plaintiff's DSO claim as a priority under 11 U.S.C. § 507(a)(1) and determine that said claim is exempt from discharge as per 11 U.S.C. § 523(5) & (15). We disagree. The resolution made by the State Court is indicative that the controversy related to the pre-petition domestic support obligations between Plaintiff and Debtor is being actively litigated in the State Court. Furthermore, the resolution filed makes no findings of arrears and therefore, a determination as to the classification and/or dischargeability of a potential claim would be premature and inappropriate. This Court hereby incorporates by reference the arguments and legal conclusions made by the Chapter 7 Trustee in his Motion to Dismiss and adopts them as its own findings and conclusions of law. [Dkt. No. 26]

## II. CONCLUSION

Having found that the resolution issued by the State Court does not indicate any arrearage in the Debtor's domestic support obligations, this Court declines to make a determination as to classification and/or dischargability at this stage. Furthermore, having found that the controversy at

hand is actually being litigated in the State Court, this court hereby dismisses this Adversary Proceeding pursuant the provisions of 11 U.S.C. § 305 and 28 U.S.C. § 1334 (c)(1).

**SO ORDERED.**

San Juan, Puerto Rico, this 29 day of March, 2011.

                                             **Brian K. Tester**
                                             **U.S. Bankruptcy Judge**